HAMILTON, Senior Circuit Judge,
concurring:
The Appellees claim that they have a First Amendment right to access and disseminate sexually explicit materials on computers that are owned or leased by the Commonwealth. The Appellees’ access to, and dissemination of, sexually explicit materials is necessary for them to perform their duties as educators; but, nevertheless, the Appellees’ access to, and dissemination of, sexually explicit materials is accomplished in their capacities as state employees. Because the Appellees’ access to, and dissemination of, sexually explicit materials is accomplished in their capacities as state employees, the court today correctly concludes under the implicit holding of our en banc decision in Boring v. Buncombe County Board of Education, 136 F.3d 364 (4th Cir.) (en banc), cert. denied, 525 U.S. 813, 119 S.Ct. 47, 142 L.Ed.2d 36 (1998), that the speech in this case is employee, speech, and, therefore, not entitled to First Amendment protection. Furthermore, the court correctly rejects the Appellees’ contention that even if the Act is constitutionally valid as to the majority of state employees, it is invalid to the extent it infringes on the academic freedom rights of university faculty.
I joined Judge Motz’s dissent in Boring which persuasively explains why a public employee should enjoy far greater First Amendment protection than that contemplated by Boring. See id. at 378-80. Left to my own devices, I would hold that the Appellees’ speech in this case is entitled to some measure of First Amendment protection, thus triggering application of the Connick/Pickering balancing test. However, being bound by the en banc court’s *426 decision in Boring, a decision the en banc court chose not to revisit in the present case, I concur in the court’s majority opinion.
Finally, I write separately to make clear that we leave unanswered the question of whether a governmental employee who seeks to access and disseminate sexually explicit materials rising to the level of matters of public concern, not in his or her role as a governmental employee, but rather as a private citizen, is entitled to some measure of First Amendment protection. The facts of this case leave that issue for another day.